NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN BABIAK, PETITIONER, v. SECURITY STORAGE
WAREHOUSE, RESPONDENT.

For the petitioner, *Max Kummel*.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Petitioner sustained an accident arising out of and in the course of his employment with respondent on July 19th, 1927, at which time his wages per week amounted to $34. Petitioner was employed by respondent as a laborer, and on the said date, while unloading a truck, an iron wheel fell off the truck, striking him on the legs. Petitioner says that he was thrown to the ground by this and struck his head and was rendered unconscious. It is undisputed and petitioner admits that his temporary disability arising out of this accident did not amount to more than two weeks, and respondent has already paid him compensation for two weeks' temporary disability which covers in full any and all temporary disability which this petitioner sustained arising in any way out of this accident. Petitioner alleges he received injuries to his right foot, left leg, chest and head arising out of the accident. He admits that he has no permanent injury to his body, arms and legs arising directly or indirectly by way of aggravation or otherwise from this accident. He has a partial atrophy of the right optic nerve which has caused the vision in his right eye to be reduced at this time to about one-third below normal. This atrophy may become

greater as time goes on and thereby cause an even greater and far more serious loss of vision to his said right eye. Petitioner claims his eye condition is a result of the above-mentioned accident. He alleges he has headaches all the time and claims that these are a result of said accident. He is of a neurotic type and feels that he was badly injured in said accident. This neurotic condition may grow worse as time goes on.

Respondent denies that petitioner has any permanent disability arising directly or indirectly from the above-mentioned accident and specifically denies that the right optic nerve, atrophy, right eye loss of vision, headaches, any head condition whatsoever, and any neurotic condition are directly or indirectly the result of said accident. But respondent, taking all injuries, diseases and any and all other conditions of plaintiff into consideration, including any and all ultimate results of any and all the various diseases, injuries and conditions of petitioner and basing this settlement not only on petitioner's present condition but on any and all developments in his condition which may be by him or by doctors, alleged to be the results of his said accident, either directly or by way of aggravation, is willing to settle the entire matter for the temporary disability paid, above mentioned, and for five per cent. of total permanent disability amounting to twenty-five weeks at $17 a week. Respondent also agrees to pay as its share of any counsel fee awarded the attorney for the petitioner the sum of $75.

From the testimony and the facts stipulated, the settlement is fair to both sides and is approved by this court on the distinct understanding of the petitioner, his attorney, the respondent and its attorneys, that a fundamental element of the settlement is the fact that any future and further developments resulting in an increase of disability to the petitioner or his death are taken into consideration and are in a large measure the reason for the respondent's willingness to agree to this settlement.

HARRY J. GOAS,
*Deputy Commissioner.*